UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| **RED ALPHA LLC,**<br>6950 Columbia Gateway Drive<br>Suite 150<br>Columbia, Maryland 21046,<br><br>      Plaintiff,<br><br>v.<br><br>**RED ALPHA CYBERSECURITY PTE. LTD.,**<br>135 W 41st St. 03 11<br>New York, NY 10036,<br><br>**Serve On**:<br>Benjamin Tan, CEO<br>135 W 41st St. 03 11<br>New York, NY 10036,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Red Alpha LLC ("Plaintiff"), by its undersigned counsel, respectfully brings this Complaint against Defendant, Red Alpha Cybersecurity PTE. LTD. ("Defendant"), for trademark infringement and other related claims, and in support thereof states:

### *INTRODUCTION*

1.     This is an action for trademark infringement and unfair competition arising from Defendant's improper use of certain trademarks that infringe on marks owned and regularly used by Plaintiff.

### PARTIES

2.      Plaintiff is a limited liability company organized under the laws of Maryland since 2011 with its principal place of business in Columbia, Maryland.  Plaintiff is a computer software and hardware technology development and consulting firm that provides cybersecurity-related support services to defense and commercial customers throughout the United States. In particular, Plaintiff develops custom software and architectures to meet unique client enterprise requirements and cybersecurity needs. Plaintiff advertises throughout the United States using multiple platforms, including the internet through its website at www.red-alpha.com.

3.      Defendant is a company organized and based in Singapore.  Upon information and belief, Defendant is a cybersecurity training company with training centers in Tampa, Florida and New York, New York.  Upon information and belief, Defendant advertises throughout the United States using multiple platforms, including the internet through its website at www.redalphacyber.com.  Upon information and belief, Defendant has customers that live and/or work in this Judicial District.

### JURISDICTION AND VENUE

4.      This action arises under the United States Trademark Act, 15 U.S.C. §1051 *et. seq.* (the "Lanham Act").  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      This Court has supplemental jurisdiction of any common law claims pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over Defendant as it markets certain services in this and other Judicial Districts improperly using trademarks confusingly similar to trademarks

long owned and used by Plaintiff.  These improper acts have caused Plaintiff injury in this Judicial

District.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391.

*FACTUAL ALLEGATIONS*

a.      *Plaintiff's Business and Marketing Activities*

8.      Plaintiff enjoys a prominent reputation as one of the leading cybersecurity software

and hardware technology development and consulting firms in the United States.  Plaintiff has

provided consulting relating to, and the development and implementation of, protective

cybersecurity processes and infrastructure for its clients, including certain agencies of the federal

government, since 2011.

9.      Since its formation, Plaintiff has consistently marketed itself as RED ALPHA (the

"Red Alpha Mark").  Plaintiff filed a federal trademark registration application in the United States

Patent & Trademark Office ("USPTO") for the Red Alpha Mark on August 3, 2023 claiming a

date of first use in interstate commerce of May 2011. The application identifies the goods and

services marketed and sold by Plaintiff pursuant to the Red Alpha Mark as:

> Software design, development, prototyping, testing, integration, deployment, and
> maintenance; Development and deployment of computer software, namely, user
> interface design and deployment; Development and deployment of computer
> software, namely, user interface design and deployment for purposes of data
> presentation and visualization; Design, development, and implementation of cloud
> computing system architectures and applications; Providing technology consulting
> in the fields of data science, artificial intelligence, cybersecurity, cloud computing,
> enterprise software, mission-critical large-scales systems engineering, and large-
> scale distributed and virtual systems administration; Providing technology
> consulting in the field of computer hardware and software security and
> cybersecurity operations; Cybersecurity services, namely, developing and
> implementing offensive and defensive cyber security capabilities for others;
> Cybersecurity services, namely, developing cyber threat simulations, detecting
> covert channels of cyber-attacks, modeling potential data loss, and developing and
> implementing cyber-attack countermeasures, indicators, and warnings.

10.     Plaintiff markets itself using a variety of platforms including on a website at the domain www.red-alpha.com, as well as on certain social media accounts, including LinkedIn.  On this website and its social media accounts, Plaintiff prominently features the following mark (the "Red Alpha Design Mark"):



Collectively, the Red Alpha Mark and the Red Alpha Design Mark shall be referred to as the "Plaintiff's Marks."

11.     As a result of its high-quality work and extensive marketing throughout the United States since 2011, Plaintiff has developed extremely valuable goodwill in both the Red Alpha and Red Alpha Design Marks.  These marks identify to both actual and potential customers the high-quality goods and services provided by the Plaintiff.

12.     The Red Alpha and Red Alpha Design Marks are considered to be extremely valuable intellectual property assets by Plaintiff.

*b.      Defendant's Business and Marketing Activities*

13.     Upon information and belief, Defendant recently began offering its cybersecurity training programs and services in the United States under the mark RED ALPHA CYBERSECURITY.  Defendant further uses the design mark below:



Together, the RED ALPHA CYBERSECURITY mark and the design mark referenced above shall be referred to as the "Defendant's Marks."

14.     Defendant uses the Defendant's Marks on certain social media sites, including on its Instagram and LinkedIn pages, as well as on a website at the domain www.redalphacyber.com, and through other marketing vehicles.  Upon information and belief, Defendant uses this mark in at least Maryland to promote its cybersecurity training programs and services.

15.     Upon information and belief, Defendant began using, and continues to use, the Defendant's Marks to trade off Plaintiff's goodwill and stellar reputation in the cybersecurity space.  Indeed, upon information and belief, Defendant's use of the Defendant's Marks is done with the specific intent to trade off Plaintiff's goodwill and stellar reputation.

   *c.*     *Actual Confusion*

16.     Defendant's use of the Defendant's Marks has caused actual confusion in the among consumers in the marketplace.

17.     For example, in September 2023, an employee of Plaintiff received a phone call from an individual attempting to follow-up on his application for employment.  During the call, it became clear that the individual was attempting to reach Defendant, particularly as the caller discussed a "challenge" he completed as part of the application process, which Plaintiff does not require.

18.     Later the same month, this same employee of Plaintiff received a similar call from another individual seeking information on how to complete the challenge associated with Defendant's employment application.

19.     In addition, Plaintiff has received multiple emails indicating actual confusion.

20.     On September 29, 2023, Plaintiff received an email from an individual who had downloaded the software necessary to complete Defendant's employment application challenges, and subsequently experienced hacking incidents where individuals compromised his IP address and proceeded to transfer "large sums of [his] money" out of his accounts.

21.     On October 5, 2023, the Plaintiff received an email from an external consultant with a URL link to Defendant's website, asking if the organization was affiliated with Plaintiff.

22.     Defendant's use of the Defendant's Marks is likely to, and has actually caused, confusion as to the origin, sponsorship, approval, and/or endorsement of Defendant's services by the Plaintiff.

## FIRST CAUSE OF ACTION
## LANHAM ACT UNFAIR COMPETITION

23.     Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

24.     Plaintiff has continually used the Red Alpha and Red Alpha Design Marks in interstate commerce since at least 2011.  The Red Alpha and Red Alpha Design Marks have become synonymous with the high-quality cybersecurity consulting services offered to its clients by Plaintiff.  Accordingly, Plaintiff has significant interest in, and rights to, the Red Alpha and Red Alpha Design Marks.

25.     Defendant's use of the Defendant's Marks is likely to cause confusion, mistake, and/or deception as to the source and origin of Defendant's cybersecurity training services; namely, clients and potential clients are likely to be confused and believe that Defendant's services are provided, sponsored, approved, endorsed, and/or licensed by Plaintiff.  Indeed, Defendant's use of the Defendant's Marks has already caused confusion, mistake, and/or deception as to the source and origin of Defendant's cybersecurity training services.

26.     Upon information and belief, Defendant's use of the Defendant's Marks is willful with the intent to confuse actual and potential customers of Plaintiff.

27.     Defendant's actions in this regard are in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

28.     Plaintiff has suffered significant damages and harm as a result of Defendant's improper actions and will likely continue to suffer such damages and harm unless such improper actions are enjoined by this Court.

### SECOND CAUSE OF ACTION
### COMMON LAW UNFAIR COMPETITION

29.     Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

30.     Plaintiff has continually used the Red Alpha and Red Alpha Design Marks to market and promote cybersecurity training services.  The Red Alpha and Red Alpha Design Marks have become synonymous with the high-quality cybersecurity consulting services offered to its clients by Plaintiff.  Accordingly, Plaintiff has significant interest in, and rights to, the Red Alpha and Red Alpha Design Marks.

31.     Defendant's use of the Defendant's Marks is likely to cause confusion, mistake, and/or deception as to the source and origin of Defendant's cybersecurity training services; namely, clients and potential clients are likely to be confused and believe that Defendant's services are provided, sponsored, approved, endorsed, and/or licensed by Plaintiff.  Indeed, Defendant's use of the Defendant's Marks has already caused confusion, mistake, and/or deception as to the source and origin of Defendant's cybersecurity training services.

32.     Defendant's actions constitute common law unfair competition in that Defendants' services are palmed off as those of Plaintiff.

33.     Upon information and belief, Defendant's use of the Defendant's Marks is willful with the intent to confuse actual and potential customers of Plaintiff.

34.     Plaintiff has suffered significant damages and harm as a result of Defendant's improper actions and will likely continue to suffer such damages and harm unless such improper actions are enjoined by this Court.

WHEREFORE, Plaintiff respectfully requests that:

A.     The Court enter an injunction ordering that Defendant, as well as its agents, officers, employees, and all other persons in privity or acting in concert with it, be enjoined from using the Red Alpha or Red Alpha Design Marks, or any other marks confusingly similar to the Red Alpha or Red Alpha Design Marks, including the Defendant's Marks, to advertise, promote, or market the provision of any cybersecurity services, or any related services, in any form or media;

B.     The Court enter an injunction ordering that that Defendant, as well as its agents, officers, employees, and all other persons in privity or acting in concert with it, be enjoined from using the domain www.redalphacyber.com or any confusingly similar domain;

C.     The Court enter an order against Defendant awarding Plaintiff damages for Defendant's improper actions identified above in an amount to be determined by the Court;

D.     The Court enter an order against Defendant awarding Plaintiff an amount equal to the amounts incurred by it in prosecuting its claims in this matter, including amounts for reasonable attorneys' fees and costs; and

E.     The Court enter an order awarding such other relief as it may deem appropriate.

### *DEMAND FOR JURY TRIAL*

Plaintiff, Red Alpha LLC, demands a jury trial on all issues so triable.

Dated:  December 1, 2023    Respectfully submitted,


           /s/ Steven E. Tiller
           Steven E. Tiller (Bar No. 11085)
           C. Andrew Barnes (Bar No. 30561)
           WHITEFORD, TAYLOR & PRESTON, L.L.P.
           Seven Saint Paul Street, Suite 1500
           Baltimore, Maryland 21202-1636
           Telephone:  (410) 347-9425
           Facsimile:  (410) 223-4325
           stiller@whitefordlaw.com
           anbarnes@whitefordlaw.com