IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RED ALPHA LLC,

    Plaintiff,

v.

                               Civil No. 23-3259-BAH

RED ALPHA CYBERSECURITY
PTE. LTD.,

    Defendant.

## MEMORANDUM OPINION

Plaintiff Red Alpha LLC ("Plaintiff") brought suit against Red Alpha Cybersecurity PTE. LTD. ("Defendant") for trademark infringement and unfair competition. ECF 1 (complaint), ECF 8 (amended complaint). Plaintiff has filed a motion for preliminary injunction, ECF 10, and a motion for alternative service, ECF 11. The motion for alternative service includes four exhibits: (1) screenshots of Defendant's website showing programs offered in Singapore and San Antonio, TX, ECF 11-1; (2) a Federal Express tracking page showing that a package was delivered to New York, NY on December 26, 2023,[1] ECF 11-2; (3) emails between Plaintiff's counsel and a process server who attempted to personally serve Defendant's CEO in New York, ECF 11-3; and (4) search results from the New York Department of State Division of Corporations, ECF 11-4. Defendant has not responded as it has not yet been served. This memorandum opinion addresses only the motion for alternative service. The Court has reviewed the motion and the attached exhibits[2] and

---

[1] The tracking page does not include the specific delivery address.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Plaintiff's motion for alternative service is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff alleges that Defendant is a Singapore-based cybersecurity training company that has training centers in the United States. Tampa, Florida, and New York, New York.[3] ECF 1, at 2 ¶ 3; ECF 8, at 2 ¶ 3. Plaintiff filed suit on December 1, 2023. ECF 1. Plaintiff then amended the complaint on December 11, 2023, ECF 8, and filed a motion for a preliminary injunction on December 22, 2023, ECF 10. Plaintiff mailed copies of these filings via Federal Express to Defendant at 135 W. 41st Street 03 11, New York, New York 10035 (the "New York address"), an address Plaintiff found on Defendant's website. *See* ECF 10, at 3; ECF 11, at 1–2. Plaintiff attempted to personally serve Benjamin Tan, Defendant's CEO, at the New York address on December 27, 2023, but apparently could not get beyond the building's security desk because Defendant's offices were located in an area of the building controlled by the coworking space provider WeWork.[4] *See* ECF1,1 at 2.

Plaintiff contends that Defendant is operating its business in New York and Texas without having registered to do business in either state as required by respective state law. ECF 11, at 3

---

[3] The amended complaint lists the training center locations as Tampa, Florida, and New York, New York. ECF 1, at 2; ECF 8, at 2. The motion for alternative service notes that after the filing of the amended complaint, Defendant's website now indicates that its U.S. training center is in San Antonio, Texas, and that the website had removed reference to the Tampa and New York training centers. *See* ECF 11, at 1 n.1.

[4] Plaintiff attached emails noting the process servers failed effort to serve Defendant at the New York address. *See* ECF 11-3, at 2 ("It's not possible, I'm sure you are aware of how WeWork functions. We have no access to their offices and with WeWork you have to make arrangements with the tenant directly for access."); *id.* at 3 ("Our agent had an unsuccessful attempt yesterday 12/27/23 @ 1:53 PM. The agent reported that the security guard, Dickie, knows of Red Alpha, but isn't sure of what floor they're on. Dickie also states that the 3rd floor of the building belongs to a company called WEWORK, and that the 11th floor of the building has no association to Red Alpha.").

(citing N.Y. Bus. Corp. Law §§ 1301(a) 1304(a)(6)–(7); Tex. Bus. Orgs. Code Ann. §§ 5.201(a), 9.001). Thus, Defendant does not have a registered agent who could accept service of process in either state. *See id.* Plaintiff argues that after it unsuccessfully attempted to effect personal service at the New York address, it "should not be required to take additional steps to achieve service due to Defendant's failure to comply with the law." *Id.* at 4.

Plaintiff proposes the following methods of serving Defendant with process:

(a) via first-class mail to either Defendant's New York address or its Singapore address listed on its website;
(b) via e-mail to the e-mail addresses listed on Defendant's website;
(c) physical service upon the front desk of the New York Address; and/or
(d) in such other manner as the Court deems appropriate.

*Id.*

## II.   DISCUSSION

### A.   General Service of Process Rules

Federal Rule of Civil Procedure 4(h) governs service of process on corporations. If serving a foreign corporation "in a judicial district of the United States," the plaintiff must effect service "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendants." Fed. R. Civ. P. 4(h)(1). Here, pursuant to Fed. R. Civ. P. 4(e)(1) service may be made pursuant to the service of process rules for Maryland (the state where this Court is located) or New York (the state where Plaintiff intends to serve Defendant).[5]

---

[5] The Federal Rules also contemplate serving a foreign corporate defendant "at a place not within any judicial district of the United States." Fed. R. Civ. P. 4(h)(2). Plaintiff has not suggested that it has attempted to serve Defendant under this rule at Defendant's Singapore address.

In Maryland, in a suit against a corporation, a summons and complaint are generally served on the resident agent, president, secretary, or treasurer of the corporation. *See* Md. R. Civ. P. Cir. Ct. 2-124(d); *see also* Md. R. Civ. P. Cir. Ct. 2-121(a) (detailing the general methods of perfecting service in Maryland). New York law similarly provides that service may be effected by delivering the summons and complaint "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). Service may also be effected pursuant to N.Y. Bus. Corp Law § 306 by serving the New York secretary of state and the registered agent. N.Y. Bus. Corp. Law § 306(a)–(b)(1).

**B.     Alternative Service on Defendant**

Though Plaintiff does not cite to any statutes or caselaw governing service of process, Plaintiff essentially asks the Court for permission to serve Defendant in a manner not expressly listed in the Federal Rules, Maryland Rules, or New York Rules governing service of process. ECF 11. Plaintiff purports to be unable to serve Defendant with process because Defendant has not named a registered agent as it would have been required to do had it properly registered to do business in New York or Texas.[6] *See* ECF 11, at 3–4. Helpfully, New York statutorily prescribes the method by which a plaintiff shall serve an unauthorized foreign corporation.[7]

---

[6] Plaintiff has not indicated an intent to serve Defendant in Texas.

[7] Maryland has a similar statute authorizing substituted service. Md. R. Civ. P. Cir. Ct. 2-124(o). However, this method of service is inapplicable here, as Plaintiff does not contend that Defendant has done business, unauthorized or not, in Maryland. Plaintiff alleges only that "Defendant has customers that live and/or work in this Judicial District" and that "it markets certain services in this and other Judicial Districts improperly using trademarks confusingly similar to trademarks long owned and used by Plaintiff." ECF 8, at 2–3 ¶¶ 3, 6.

4

Under N.Y. Bus. Corp. Law § 307, a plaintiff serving an unauthorized foreign corporation shall serve both the New York secretary of state and the foreign corporation. § 307(b). Service on the foreign corporation may be made either by personally delivering the service of process documents to the foreign corporation or by sending the service documents to

> such foreign corporation by registered mail with return receipt requested, at the post office address specified for the purpose of mailing process, on file in the department of state, or with any official or body performing the equivalent function, in the jurisdiction of its incorporation, or if no such address is there specified, to its registered or other office there specified, or if no such office is there specified, to the last address of such foreign corporation known to the plaintiff.

N.Y. Bus. Corp. Law § 307(b)(2). "Business Corporation Law § 307 establishes a mandatory sequence and progression of service completion options to acquire jurisdiction over a foreign corporation not authorized to do business in New York." *VanNorden v. Mann Edge Tool Co.*, 910 N.Y.S.2d 189, 190 (N.Y. App. Div. 2010) (quoting *Stewart v. Volkswagen of Am.*, 81 N.Y.2d 203, 207, 613 N.E.2d 518 (N.Y. 1993); *see also Republic of Guatemala v. IC Power Asia Dev. Ltd.*, 619 F. Supp. 3d 421, 432–33 (S.D.N.Y. 2022) ("[I]n order to properly effect service of process under N.Y. Bus. Corp. Law § 307, Guatemala was required to follow all the '*strict service of process* procedures prescribed by' the statute.") (citations omitted) (emphasis in *Republic of Guatemala*); *Newkirk v. Clinomics Biosciences, Inc.*, No. 1:06-CV-0553 (GLS/RFT), 2006 WL 2355854, at *3 (N.D.N.Y. Aug. 15, 2006) (collecting cases for the proposition that "New York courts have held that to acquire jurisdiction over an unauthorized foreign corporation, plaintiffs must satisfy the strict service of process procedures prescribed by New York General Business Law § 307").

In both New York and Maryland, a plaintiff may move for alternative service if service by the enumerated means proves "impracticable." *See* N.Y. C.P.L.R. § 311(b) ("If service upon a domestic or foreign corporation . . . is impracticable under paragraph one of subdivision (a) of this

5

section or any other law, service upon the corporation may be made in such manner . . . as the court, upon motion without notice, directs."); Md. R. Civ. P. Cir. Ct. 2-121(b) (noting that the court may order alternative service by mail to defendant's last known address and by personal delivery to defendant's business when defendant has evaded service); *id.* (c) ("When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice.").

Here, Plaintiff has not demonstrated that the Court's intervention is necessary yet. Plaintiff has made one attempt to serve Defendant by personal service at a New York address found on Defendant's website.[8] Delivery by Federal Express, though perhaps a courtesy, also does not meet service of process requirements in either New York or Maryland. Plaintiff has not demonstrated that service by another means, including the statutory method for serving a foreign corporation in New York that is not authorized to do business in New York, is impracticable. Plaintiff has not suggested that Defendant has attempted to evade service beyond failing to register in the states in which Defendant does business. Nor has Plaintiff included an affidavit, required under the Maryland Rules, demonstrating that failed good faith service attempts warrant alternative service. Because Plaintiff has not demonstrated that serving Defendant is impracticable, the Court declines to order service by alternative means at this time.

---

[8] The screenshots of Defendant's website attached to the motion do not include any specific address and do not even mention New York. *See* ECF 11-1.

Though Plaintiff has not purported to do so, Plaintiff may also serve Defendant pursuant to Federal Rule 4(f) in Singapore. Under this rule, a plaintiff may effect service on a foreign corporate defendant in a foreign country:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>> (C) unless prohibited by the foreign country's law, by:
>> . . .
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f); *see also* Fed. R. Civ. P. 4(h)(2). "[I]n exercising the discretionary power permitted by Rule 4(f)(3)," a district court "may require the plaintiff to show that they have 'reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile.'" *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (quoting *Ryan v. Brunswick*, 2002 WL 1628933, *2, 2002 U.S. Dist. LEXIS 13837, *7–8 (W.D.N.Y. 2002)). Because Plaintiff has not attempted to serve process in Singapore, the Court declines to exercise its discretion to permit alternative service under this rule.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for alternative service is denied without prejudice. Should Plaintiff remain unable to serve Defendant through good faith efforts under

statutorily prescribed means, Plaintiff is welcome to again seek an order permitting alternative service. A separate implementing Order will issue.

Dated: May 9, 2024                                                    /s/
                                                                  Brendan A. Hurson
                                                                  United States District Judge